IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KENNETH N. NEU,                    §
(TDCJ No. 655466)                  §
VS.                                §    CIVIL ACTION NO.4:09-CV-146-Y
                                   §
                                   §
TEXAS BOARD OF PARDONS             §
AND PAROLES, et al.                §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Kenneth N. Neu's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Neu, an inmate at the Texas Department of Criminal Justice's ("TDCJ"), Terrell unit, filed a civil complaint seeking relief under 28 U.S.C. §§ 535 and 547 and 18 U.S.C. §§ 241 and 242.[1] He names as defendants the Texas Board of Pardons and Paroles; Darryl Anderson, warden, NTISF; unnamed commissioners, Texas Board of Pardons and Paroles; Ken Neil, district parole officer, Fort Worth, Texas; and Charles Martin, district parole hearing officer, Arlington, Texas. (Compl. Style; page 1; Supplemental Compl., Addendum Affidavit.) Neu complains of the grounds upon which he was charged with violations of parole, and the procedures afforded to him in the revocation process and at the parole-revocation hearing. (Compl. at 22-4; Suppl. Compl. at 2-5.) He seeks to have this court:

> confer with the United States Attorney and/or the Federal
> Bureau of Investigation to investigate the allegation
> presented in the Complainant's original complaint and act

---

[1]Neu also filed a document on March 23, 2009, labeled a response to Court order, which the Court hereby construes as a supplemental complaint. In that document, Neu clarifies that he does not seek relief under 42 U.S.C. § 1983; but the Court will address any such potential claim *infra*.

accordingly; this Court include in that conference, the accompanying "Complainant's Addendum Affidavit" naming additional defendants as persons who have willfully conspired to deprive this Complainant of provisions of procedural due process entitled to him by the Due Process Clause of 18 U.S.C. § 241, Conspiracy Against Rights. (Suppl. Compl. at 5.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6]

---

[2]*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff relies upon 28 U.S.C. § 535 and 28 U.S.C. § 547 as the basis for his claims. Section 535 provides that the Attorney General and the Federal Bureau of Investigation may investigate any violation of Federal criminal law involving Government officers and employees.[7] But as the statute provides discretionary authority, it does not authorize a court to compel any such investigation.[8] Section 547 sets out the duties of the United States attorneys.[9] But it does not provide for or create a private cause of action for an individual to seek redress.[10] Thus, Neu's claim under these provisions must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Plaintiff's complaint also asserts violations of 18 U.S.C. 241 and 242. Although 18 U.S.C. §§ 241 and 242 establish *criminal* liability for deprivations of civil rights, these statutes do not

---

[7] *See* 28 U.S.C.A. § 535 (West Supp. 2006).

[8] *See generally Powell v. Katzenbach*, 359 F.2d 234 (D.C.Cir. 1965), *cert. den'd*, 384 U.S. 906 (1966)(prosecutorial discretion of the Attorney General may not be controlled through mandamus, reviewing former version of statute); *see also Agunbiade v. United States*, 893 F.Supp. 160, 162 (E.D.N.Y. 1995)(as United States Attorney and Department of Justice owed no affirmative duty to conduct an investigation, the Court lacks authority to compel investigation of alleged criminal activity).

[9] *See* 28 U.S.C.A. § 547 (West Supp. 2006).

[10] *See Martinez v. Ensor,* 958 F.Supp. 515, 518 (D.Colo. 1997)

([inmate plaintiff] Martinez is attempting to invoke the authority of United States Attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. Generally, private citizens have no authority to institute a federal criminal prosecution. Criminal statutes can be enforced only by the proper authorities of the United States government, such as United States attorneys)(citations omitted).

create a private civil cause of action.[11] Therefore, Plaintiff's claim under these provisions has no basis in law, and will be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Furthermore, to the extent Neu's ccomplaint could be said to raise claims under 42 U.S.C. § 1983 for injunctive or declaratory relief for alleged violations of his constitutional rights, such claims are not cognizable. In *Heck v. Humphrey*,[12] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[13] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive relief may also be made pursuant to *Heck*.[14]

---

[11]*See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2nd Cir. 1994); *Parks v. Kansas,* 2006 WL 3027131, at *2 (D. Kansas Oct. 24, 2006)("Section 241 is a criminal statute that does not give rise to private civil causes of action"); *Martinez,* 958 F.Supp. at 518; *Figueroa v. Clark,* 810 F. Supp. 613, 615 (E.D. Pa. 1992) ("Plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action")(citations omitted).

[12]512 U.S. 477, 486-87 (1994).

[13]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[14]*See Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

Plaintiff's request to have this Court declare that state officials violated his constitutional rights in the revocation of his parole, if successful, necessarily would imply the invalidity of his present imprisonment. Thus, such claims are not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck.* With regard to challenges brought under § 1983 to parole proceedings, the Supreme Court clarified that, although challenges only to the procedures used to determine parole eligibility may go forward in a civil suit, if the claims "seek to invalidate the duration of [an inmate's] confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody"[15]--the prisoner must pursue such claim through habeas corpus or similar remedies.  As Neu seeks a judicial determination that would imply the unlawfulness of his present custody, the *Heck* rule bars any claims for injunctive relief that he could pursue through 42 U.S.C. § 1983. Plaintiff remains in custody and has not shown that the complained-of imprisonment has been invalidated by a state or federal court.[16] As a result, any claims by Plaintiff under § 1983 are not cognizable, and must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[17]

---

[15]*Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).

[16]*See McGrew v. Texas Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

[17]*See Heck*, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161.

Therefore, all claims for relief are denied under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Furthermore, to the extent Plaintiff could be said to assert claims under 42 U.S.C. § 1983, such claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met,[18] under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED May 18, 2009.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[18] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).